# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Replogle Hardwood Flooring ) | |
| Company, LLC, ) | Case No. 17-12172 |
| ) | |
| Debtor. ) | Judge Jimmy L. Croom |
| ) | |
| ) | |

## MOTION TO REOPEN CASE

Pursuant to 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010, FHL Industries, LLC ("FHL") respectfully requests that the Court reopen this case for cause: specifically to consider FHL's request to enforce the Court's Order selling Debtor's assets free and clear of the secured creditor's liens.[1] The secured creditor has now brought a state court lawsuit which alleges that its lien survives the Sale Order. The secured creditor's claim concerns an item of personal property (a check from an insurance company) that was paid to Debtor after entry of the Sale Order. FHL requests that the Court reopen the case for the narrow purpose of considering FHL's request that the Court enforce its prior Order.

## I.    FACTS

On December 19, 2017, the Court entered its Sale Order, which granted Debtor's motion to sell all of Debtor's personal property to Fox Hardwood

---

[1] (DE # 76).

Company, LLC or its designee.[2] The scope of the items sold was "all of the personal property of the Debtors."[3] The Sale Order provided that the sale was free and clear of liens.[4] Further, the Sale Order provided that a subsequent dismissal would not vacate the Sale Order.[5] Finally the Sale Order provided that the Court retained jurisdiction to enforce the Sale Order.[6]

On February 1, 2018, Western World Insurance Company issued a check to Debtor.[7]

On May 18, 2018, the Court entered its Order closing this case.[8]

On April 11, 2019, BIDCO filed a lawsuit against FHL.[9] The crux of the lawsuit is that, notwithstanding the Sale Order, BIDCO has a lien or an interest in the insurance proceeds.[10] BIDCO alleges that the transfer of the insurance proceeds from Debtor to FHL was an intentional fraudulent

---

[2] (*See* DE # 76). FHL Industries, LLC is the designee of Fox Hardwood Company, LLC.
[3] (See DE # 76 at p. 2, ¶ 1). The Order references "Debtors" because the bankruptcy case of Replogle Hardwood Flooring, LLC was jointly administered with the case of Replogle Enterprises, G.P.).
[4] (*See* DE # 76 at p. 2, ¶ 3).
[5] (*See* DE # 76 at p. 3, ¶4).
[6] (*See* DE # 76 at p. 3, ¶ 5).
[7] (*See* Copy of Check, attached as **Ex. A**).
[8] (*See* DE # 106).
[9] (*See* State Court Lawsuit, attached as **Ex. B**).
[10] (See, e.g., Ex. B at ¶ 75 (BIDCO has a lien on the insurance proceeds), ¶ 76 (BIDCO has an interest in the insurance proceeds).

transfer,[11] or a constructive fraudulent transfer because supposedly made for less than reasonably equivalent value.[12]

BIDCO's claims against FHL are nothing more than an attempt to evade the clear language of this Court's Sale Order.  FHL requests that the Court reopen the case.  Thereafter, FHL will file an appropriate motion to enforce the Sale Order.

## II.   ARGUMENT

Section 350(b) of the Bankruptcy Code provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, *or for other cause.*"[13]  Applying this Code section, this Court's sister Court in the Eastern District of Tennessee has explained that "[t]here are no statutory criteria set forth defining 'cause' for reopening a closed case, and motions to reopen will be decided on a case by case basis, based upon the equities of each individual case.  The right to reopen a case depends upon the circumstances of the individual case and the decision whether to reopen is committed to the court's discretion."[14]

The flexibility given to the Court under Section 350(b) is a consequence of the Code's policy of quickly closing Chapter 11 cases after the estate is fully

---

[11] (*See, e.g.,* Ex. B at ¶ 86).
[12] (See, e.g., Ex. B at ¶ 87).
[13] 11 U.S.C. § 350(b) (emphasis added).
[14] *In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003) (internal citations and marks omitted).

administered. Federal Rule of Bankruptcy Procedure 3022 provides that after a Chapter 11 case is fully administered, the Court shall enter a final decree closing the case. That is what happened here. The Advisory Committee Notes to Rule 3022 point to the safety valve in Section 350 of the Code for the exact scenario presented here: where the Court needs to reopen a case to enforce its prior Order. The Advisory Committee Notes explain that "[t]he court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction *to enforce or interpret its own orders* and does not prevent the court from *reopening the case for cause* pursuant to § 350(b) of the Code."[15] That is exactly the scenario presented here; accordingly "cause" exists to reopen the case.

### III.   CONCLUSION

FHL Industries, LLC respectfully requests that the Court reopen this case. Once the case is reopened, FHL will file an appropriate motion to enforce the Sale Order. This narrow issue can be decided based on the plain language of the Court's Order in an expeditious fashion, and will not involve prolonged proceedings before the Court. Therefore, FHL requests that the Court reopen the case for this limited purpose.

---

[15] *See* Federal Rule of Bankruptcy Procedure 3022, 1991 Amendments, Advisory Committee Notes, Second Paragraph (emphasis added).

895797.1   04866-042

Respectfully submitted,

*/s/ Michael G. Abelow*
Michael G. Abelow (No. 26710)
Ryan T. Holt (No. 30191)
SHERRARD ROE VOIGT & HARBISON, PLC
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
Phone: (615) 742-4200
Fax: (615) 742-4539
mabelow@srvhlaw.com
rholt@srvhlaw.com

*Counsel for FHL Industries, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May, 2019, a true and correct copy of the foregoing Motion was served by operation of the Court's e-filing system upon all users accepting electronic service. In addition, copies were served by Email and U.S. Mail upon the following:

| | |
|---|---|
| Philip G. Young<br>Thompson Burton PLLC<br>6100 Tower Circle, Suite 200<br>Franklin, TN 37067<br>philip@thompsonburton.com<br><br>Counsel for Debtor | Jerry P. Spore<br>William J. Hardegree<br>SPRAGINS, BARNETT & COBB, PLC<br>312 E. Lafayette Street<br>P.O. Box 2004<br>Jackson, TN 38302-2004<br>jpspore@spraginslaw.com<br>wjh@spraginslaw.com<br><br>Counsel for Tennessee BIDCO |
| Karen P. Dennis<br>Office of the United States Trustee<br>200 Jefferson Avenue, Suite 400<br>Memphis, TN 38103<br>Karen.P.Dennis@usdoj.gov<br><br>Counsel for the United States Trustee | Monica M. Simmons-Jones<br>Assistant United States Attorney<br>167 North Main Street, Suite 800<br>Memphis, TN 38103<br>monica.simmons@usdoj.gov<br><br>Counsel for the United States of America |

*/s/ Michael G. Abelow*
Michael G. Abelow